Beck, J.
It is not denied, by the appellees, that the injury complained of will support an action, unless the injury appears to be public in its nature, and the damage claimed too remote, under the rules of the law, to become the basis of a compensatory judgment. The liability of the county and. city for damage, the direct and certain result of negligence in failing to repair a highway, when that duty is imposed upon them, is not questioned by the counsel of appellees.
The questions presented for our determination, in this case, are these: 1. Are the injuries set out in the petition, as the foundation of the action, of such a public nature, being shared by plaintiff with the piiblic generally, that recovery therefor is precluded ? 2. Is the damage claimed so remote that compensation, under the rules of the law, will not be given ? 3. If the action can be maintained, may recovery be had against both of the defendants ? If not against both, which one is liable? No other points are presented in the argument of counsel for our decision.
As our conclusions upon the second point above stated are decisive of the case, it will be unnecessary to examine the others.
The rule limiting the recovery of damage to “the natural and proximate consequence of the act complained of” is universally admitted, and the extreme difficulty in its practical application is quite as widely conceded. The difficulty results not from any defect in the rule, but in applying a principle, stated in such general language, to *176 cases of diverse facts. The dividing line between proximate and remote damages is so indistinct, if not. often quite invisible, that there is, on either side, a vast field of doubtful and disputed ground. In exploring this ground there is to be had but little aid from the light of adjudicated cases. The course followed in each case, which is declared to be upon one side or the other of the dividing line, is plainly marked out, but no undisputed landmarks are established by which the dividing line itself may be precisely traced. As so little aid is derived from precedents in arriving at the conclusion we have reached, it would prove quite useless to refer to them.
Damage to be recoverable must be the proximate consequence of the act complained of; that is, it must be the consequence that follows the act, and not the secondary result from the first consequence, either alone or in combination with other circumstances.
An illustration will serve the propose of more clearly expressing the principle. An owner of lumber deposited upon the levee of the city of Dubuque, exposed to the floods of the river, starts with his team to remove it. A bridge built by the city which he attempts to cross, from defects therein falls, and his horses are killed. By the breaking of the bridge and the loss of his team, he is delayed in removing his property. On account of this delay his lumber is carried away by the flood and lost. The proximate consequence of the negligence of the city is the loss of his horses. The secondary consequence, resulting from the first consequence, is the delay in removing the lumber, which, finally, caused its loss. Damage on account of the first is recoverable, but for the second, is denied.
Applying these principles to the case before us, we conclude that the losses for which recovery is sought were not the proximate consequence of the negligence of defendants complained of in the petition. The proximate consequence of the bridge of defendants becoming impassable was not *177 tbe loss of plaintiff’s wood. The loss resulted from the flood. It does not appear from the petition that the negligence of defendants in failing to repair the bridge, whereby plaintiff was prevented removing the wood, exposed plaintiff to any other loss. All that can be said is, that defendant’s negligence caused plaintiff to delay removing the 'wood; the delay exposed the wood to the flood, whereby it was lost. Plaintiff’s damage, then, was not the proximate consequence of the acts of defendant complained of, but resulting from a remote consequence joined with another circumstance, the flood. The case is not distinguishable from the supposed case above stated.
In our opinion the demurrer was correctly sustained. The other points raised in the case need not be noticed.
Affirmed.