JAMES v. JAMES.

Opinion delivered November 11, 1893.

*Negligence—Proximate cause.*

> Where a ginner agreed to gin cotton, left at his gin, by a certain
> time, and failed to do so, and the cotton was subsequently de-
> stroyed by fire while at his gin, his failure to gin the cotton
> within the time agreed was not the proximate cause of its de-
> struction.

Appeal from Randolph Circuit Court.

JOHN B. McCALEB, Judge.

STATEMENT BY THE COURT.

Appellee filed his complaint before a justice of the peace, alleging that he, as constable, had levied a writ of attachment upon 2064 pounds of seed cotton, which he delivered to appellant upon contract to gin the same immediately; that appellant neglected to gin said cotton according to agreement, and that, by reason of such failure, same was burned. He prays judgment for $56.70, and obtains verdict and judgment for that amount, from which appellant appeals.

Appellee testified that he delivered the cotton levied upon, under an order of the court, to the appellant under a special contract that he, appellant, would gin the same on the following Monday, the cotton being delivered on Saturday; that the appellant neglected to gin same on Monday; that on Tuesday he went to the gin to mark the cotton and roll it off the yard, but it had not been ginned; that on Thursday following the cotton was burned; and that it was worth $56.70. This was all

the evidence on behalf of appellee as to the contract, and all that is necessary to state in order to understand the opinion of the court.

*J. C. Hawthorne* for appellant.

*P. H. Crenshaw* for appellee.

Wood, J., (after stating the facts.)   The theory upon which a recovery is sought in this case is presented by the complaint, the testimony of appellee, and the following instruction given by the court upon its own motion :   " The jury are instructed that if they believe, from a preponderance of the evidence, that the plaintiff, while acting as constable, delivered to the defendant or his agent the cotton in controversy under a contract that the defendant would gin it by a certain time, and that the defendant negligently failed or refused to gin said cotton as agreed and that the same was thereby destroyed, they would be authorized to find for the plaintiff."

No causal relation is shown between the failure of appellant to comply with his contract to gin, and the fire, which was the direct cause of the loss of the cotton. The appellee does not seek recovery upon the ground that the bailee for hire did not use ordinary care in the preservation of the cotton, or that he negligently destroyed it.   The rule of law founded in justice and common sense, and of universal application, as expressed in the maxim, "*Causa proxima, non remota, spectatur,*" makes the first instruction as above quoted, when applied to the facts, clearly erroneous.   This is the only just and correct measure of liability.   True, we might say if the cotton had been ginned on Monday, and carried away on Tuesday, it would not have been burned on Thursday.   To use language similar to that employed by Justice Battle in the case of *Martin* v. *Railway Co.* 55 Ark. 521, the failure to gin on Monday "was one of

a series of antecedent events without which the loss would not have occurred, but such failure was in no sense the proximate cause of the loss." *Denny* v. *Railroad Co.* 13 Gray, 481 ; *Daniels* v. *Ballentine*, 23 Ohio, St. 532 ; *Martin* v. *Railway Co.* 55 Ark. 521 ; *Dubuque Wood & Coal Ass'n* v. *City*, 30 Iowa, 176 ; *St. Louis etc. Ry. Co.* v. *Commercial Ins. Co.* 139 U. S. 223 ; *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304 ; *Railroad Co.* v. *Reeves*, 10 Wall. 176 ; *Morrison* v. *Davis*, 20 Pa. St. 171.

We deem it unnecessary to pass upon other questions raised, for, if the case is presented again in the court below, it must be constructed and tried upon a different theory.

Reversed and remanded.