SAINT LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* HARRISON.

Opinion delivered July 29, 1905.

RAILROAD—ASSAULT ON PASSENGER BY CONDUCTOR—PROXIMATE CAUSE.— In an action by a passenger against a railway company to recover damages for an assault committed by defendant's conductor which grew out of a dispute between plaintiff and the conductor as to whether a pass which plaintiff presented had expired or not, it was error to permit plaintiff's counsel to argue that, if the pass was negligently written, this should be considered, with the other facts, in

determining defendant's liability, as the negligence in writing the pass was not the proximate cause of the assault.

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

Reversed.

### STATEMENT BY THE COURT.

The complaint alleged that, while plaintiff was a passenger on defendant's train, he was wantonly and maliciously assaulted, beaten, cursed and abused by the conductor and brakemen in charge of said train and by certain other employees of defendant, whereby he suffered greatly in mind and body, to his damage in the sum of $15,000, for which sum he prayed judgment.

In the first count of its answer the defendant specifically denied all the material allegations of the complaint. In the second count of its answer the defendant alleged that, if it be true that plaintiff was assaulted and struck by defendant's conductor, the same was done by said conductor in the necessary and proper exercise of his right of self-defense against a violent and vicious assault upon him by the plaintiff.

It appears that the appellee was a foreman in the building of railroad bridges. He boarded appellant's train at Batesville for Little Rock. Appellant's conductor asked appellee for his ticket, and appellee handed him the following pass:

"St. Louis, Iron Mountain & Southern Railway Co.

"Leased, Operated and Independent Lines.

"Employees' Trip Pass.

"No. K. 12448.                    Little Rock, 5-4, 1905.

"Pass I. Smith and three men from Batesville to Little Rock, account contract. Good for one trip only until May 10th, 1903. Countersigned by G. W. Hershman.

"W. T. TYLER,
"General Superintendent."

Appellee describes what took place thereafter substantially as follows:

"The conductor looked at the pass, and said it had expired. Konig's labor agent was sitting facing plaintiff, and he, upon inspecting the pass, said, 'That pass is all right; it was written

on May 1st, and expires on May 10th.'    The conductor then
jerked the pass out of said agent's hand, and put it into his own
pocket, saying, 'That pass is no good.'    Plaintiff then said, 'That
kind of thing makes a man feel sore, to get bowled out in a
crowd.'    The conductor then said, 'You son-of-a-bitch, come into
the baggage car, and I'll make you sorer.'    Plaintiff then put his
hand on the seat, and the conductor struck him with his ticket
punch.    Plaintiff finally got up on his feet, and struck at the
conductor, but does not remember striking him.    Plaintiff re-
ceived several licks in the side, and the first thing he knew some-
body cut his head open.    After that he saw two negroes behind
him, a short brakeman in front, and the conductor in between the
seats.    Plaintiff said, 'I can't whale all of you people,' and sat
down and tried to stop the blood.    Conductor Hunter took the
pass away from him, and went into the baggage car, and then re-
turned and said, 'What are you going to do, pay or get off?'
Plaintiff answered, 'I guess I'll get off at Moorefield.' "

The plaintiff then describes his injuries, and details other
matters not necessary to set out.    His testimony was corroborated
in essential particulars by witness Lee as to the origin and nature
of the trouble between him and the conductor.    The physician
who dressed his wound testified concerning the injuries.    The
appellant's evidence tended to prove the allegations in its answer.
The conductor testified that the "naught and the one on the pass
were connected in such a manner that it looked to him to be
intended for the 1st instead of the 10th.    He did not examine it
carefully when it was handed to him the first time.    He looked at
it in a hurry, and said:  'This has expired on the first of May.'
He took the 'st' to stand for the 1st.    It is 10th."

Counsel for the plaintiff, in his argument to the jury, used the
following language, towit.

"It is claimed that the pass on which plaintiff was riding was
not carefully made out; that the date on which it expired is
negligently written.    Well, gentlemen, if the pass was negligently
written, it was the negligence of the defendant.    The defendant
wrote out this pass; and if it was negligently written, you will
consider that fact, in connection with all other facts in this case,
in determining the liability of this defendant."

The defendant objected to this argument by counsel, as being an incorrect statement of the law. The court overruled said objection, and the defendant duly saved its exceptions. The defendant, after the above language was used by the counsel for plaintiff, again asked the court to give instruction No. 7, but the court refused to give said instruction, to which action of the court defendant saved its exception.

Instruction No. 7 had been asked before by appellant and refused by the court, and exceptions properly saved. It was as follows:

"Even though the jury may find from the evidence that the defendant negligently wrote the date on the pass, so that it appeared to expire May 1st, instead of May 10th, they are instructed that negligence in writing the date on said pass is not to be considered by the jury in determining the liability of the railway company in this action."

There was a verdict for $1,000, and judgment accordingly, to reverse which this appeal is taken.

*B. S. Johnson* for appellant.

It was error to refuse the seventh instruction asked by appellant. Suth. Dam. 57; 96 Mass. 295; 94 U. S. 475; 105 U. S. 252; 69 Ark. 402. The court erred in permitting counsel for appellee to state the law incorrectly in his closing argument to the jury.

*Jos. W. Phillips* and *S. D. Campbell*, for appellee.

Upon the whole case the court's charge was correct, and favorable enough to the defendant. 64 Ark. 613; 125 Fed. 187. There was no error in the refusal of the seventh instruction prayed by appellant, or in the remarks of counsel complained of. If the jury had believed that the assault upon the plaintiff was wanton and malicious, they would have been authorized to award punitive damages. 122 U. S. 597 (L. Ed. 30, page 1146) ; 22 Am. St. 499. Even if there was technical error in the refusal of instruction No. 7 and in remarks of plaintiff's attorney, the same was harmless, as is conclusively shown by the fact that the jury returned a verdict only for actual damages upon the uncontradicted testimony and the whole record. 64 Ark. 613; 48 Am. R., 538; 71 Ark. 437; 74 Ark. 489.

Wood, J., (after stating the facts.) The only reversible error we find in this record is the failure of the court to give instruction number seven. It was a close question on the evidence as to whether or not the assault made by the conductor was in self-defense, and in the discharge of his duty as conductor. These matters were fully and properly submitted to the jury, and we would not disturb their finding, because there is ample evidence to sustain it. But it is by no means true that the verdict was justified by the "uncontradicted testimony in the case." On the contrary, the verdict might very well have been for appellant on the evidence, and it is impossible to tell what influence the improper argument of counsel, set out in the statement, might have exerted in producing the verdict. After appellant objected to it, and the court permitted the counsel to proceed, the argument was thus approved by the court, and went to the jury with the same force as an instruction from the court, to the effect that they might consider the negligence of the defendant, in writing the pass, if it was negligently written, in determining the liability of the defendant. The argument was exceedingly improper and prejudicial, and the court should not have permitted it, and especially after it had been permitted the court should have granted appellant's seventh request, in order to counteract all possible damaging effect of such argument. This instruction, asked at that time, was an effort on the part of the appellant to have the court correct the improper argument of counsel, and nullify whatever prejudicial influence it might have had upon the jury. The appellant was clearly entitled to it, for the assault of the conductor on the passenger bearing the pass could never have been contemplated even as a remote consequence of any negligence in writing the pass. Such assault certainly could not be considered anywhere within the range of the natural, ordinary and reasonable, or even remotely probable, effect of negligence in making out the pass. *St. Louis, I. M. & S. R. Co.* v. *Bragg,* 69 Ark. 402; 1 Suth. on Dam. 57; *McDaniel* v. *Snelling,* 96 Mass. 295; *Scheffer* v. *Ry. Co.,* 105 U. S. 252; *Milwaukee & S. P. Ry. Co.* v. *Kellogg,* 94 U. S. 475.

For the error indicated the judgment is reversed, and the cause is remanded for new trial.