## DENISON v. KEISER.

### Opinion delivered June 10, 1912.

TRIAL—IMPROPER ARGUMENT.—Where defendant, being sued as a partner of certain persons, denied in his answer that he was such partner, it was reversible error to permit plaintiff's counsel, in his closing argument, to assert that defendant admitted in his pleadings that such partnership existed.

Appeal from Independence Circuit Court; *R. E. Jeffery,* Judge; reversed.

*Ernest Neill, Frank Pace* and *McCaleb & Reeder,* for appellant.

1. The statement of plaintiff's atotrney that defendant admitted that a partnership existed between Denison and Kilpatrick Bros., to which defendant objected, was highly prejudicial error, and the court erred in refusing to withdraw it, and in refusing to instruct the jury not to consider it. 76 Ark. 430; 82 *Id.* 432, 440; 139 S. W. 287-9; 74 Ark. 489; 75 *Id.* 577; 74 *Id.* 256; 63 *Id.* 174.

2. There being no evidence to sustain the statement of the attorney, it was error to permit it to go to the jury. 72 Ark. 427; *Ib.* 461; 63 *Id.* 174; 71 *Id.* 427; 74 *Id.* 210.

3. There was no evidence to establish a partnership between appellant and Kilpatrick Bros., nor any holding out

by appellant, nor any representations made by him which would estop him from denying liability. 133 Fed. 462; 85 Ala. 19; 6 Col. App. 334; 58 Conn. 413; 63 Kan. 733; 129 Mo. 439; 5 Mont. 438; 51 N. J. L. 103; 37 N. Y. Supp. 751; 61 Neb. 541.

An estoppel must be pleaded. 12 Ark. 769; 72 *Id.* 62. See 53 Ark. 196; 80 *Id.* 23; 32 *Id.* 739; 29 *Id.* 535.

*Wright Bros.,* of Missouri, for appellee.

McCulloch, C. J. This is an action instituted in the circuit court of Independence County by the plaintiff, J. F. Keiser, against defendant, Walter H. Denison, to recover a balance of $3,175.45 alleged to be due for work performed in the construction of a railroad in the State of Kansas. The contract under which plaintiff did the work was made with Kilpatrick Bros., a firm of railroad contractors, who had the contract for constructing the road of the Topeka & Northwestern Railway Company, and it is alleged that the defendant was a partner of Kilpatrick Bros. in the particular part of the construction work which was sublet to the plaintiff, or that the defendant held himself out to the plaintiff as being a partner. The defendant in his answer denied that he was a partner with Kilpatrick Bros., or that he held himself out to the plaintiff or any one else as such, but alleged that the contract for this particular work was sublet to him (defendant) and his partner, one Shafter, by Kilpatrick Bros., and afterwards taken away from them and relet by said principal contractors to the plaintiff; that defendant and his partner, Shafter, entered into an arrangement with Kilpatrick Bros. that they were to superintend the work performed by plaintiff and furnish him supplies from their store, and that, in consideration of such service in superintending the work, Kilpatrick Bros. would guaranty payment of plaintiff's supply bill. After entering an explicit denial as to there being a copartnership with Kilpatrick Bros. or any holding out of such fact to plaintiff, the answer also contains a denial that Kilpatrick Bros. are indebted to plaintiff in any sum, and it is alleged that the plaintiff has been overpaid in the sum of $1,679.38 for the work which he performed under said contract. In another paragraph it is alleged that in the contract

between plaintiff and Kilpatrick Bros. it was stipulated that the work should be done under the supervision of the engineer of the railway company, whose decision as to the amount and quality of the work should be binding upon both parties, and that all the work approved by said engineer had been paid for according to the latter's estimates. Defendant made a. separate paragraph of his answer a cross complaint, in which he asked that, should the facts stated in his answer "be so construed as to constitute a partnership between the said Denison and Shafter and the said Kilpatrick Bros., or, should such partnership be established by testimony or otherwise, then and in that event the said plaintiff, James F. Keiser, is indebted to them in the sum of $1,679.38" for the amount overpaid as aforesaid, and there was a prayer for the recovery of that amount. No objection was made by the plaintiff to this form of pleading or to the lack of parties to the cross complaint, and a trial was had upon the issues thus tendered. The jury returned a verdict in favor of the plaintiff, and defendant has appealed.

The transaction out of which this litigation arose occurred in the year 1906, and the work performed by plaintiff was completed in March, 1907. The evidence establishes the fact that Kilpatrick Bros. & Collins was a Nebraska corporation, but that the contracts for construction work in the State of Kansas were made in the name of Kilpatrick Bros., a firm composed of W. H., R. J. and S. D. Kilpatrick. That firm had the principal contract for the construction of the road of the Topeka & Northwestern Railway Company from the town of Onaga to the town of Marysville in the State of Kansas. Denison & Shafter, a firm of which defendant was a member, were railroad contractors, and they negotiated for a subcontract for the construction of about nine miles of the road. Four miles of this was subsequently relet by Kilpatrick Bros. to the plaintiff, and the work was done under the supervision of defendant Denison, the place of business of Denison & Shafter being near the town where the work was being done.

The plaintiff contends that defendant, Denison, was a partner with Kilpatrick Bros. in this particular work, and this is denied by defendant, who testified that he was not a partner, and never was interested with Kilpatrick Bros. in any work,

but that he merely superintended the work done by plaintiff in consideration of Kilpatrick Bros. guarantying the account for supplies which Denison & Shafter furnished to plaintiff.

The first and most important assignment of error which we deem it proper to discuss is that as to the remarks of plaintiff's attorney in his closing argument to the jury. The record recites that the attorney stated "that defendant admitted in his pleadings that a partnership existed between himself and the firm of Kilpatrick Bros." Defendant's counsel interposed an objection to this argument, and requested the court to withdraw it from the jury and instruct the jury not to consider the same. This request was overruled, and an exception was duly saved. The statement of counsel was not correct, as the answer of the defendant contained an explicit denial that he had ever been a partner of Kilpatrick Bros. in this, or any other, work, or that he had ever permitted himself to be held out as such to plaintiff, or any one else. In the other paragraphs of his answer, including the cross complaint, he merely asked that these additional defenses be considered in the event that the facts established by the testimony or the facts recited in the first paragraph of his answer should be held sufficient in law to constitute a partnership. If his defenses were inconsistent, they were not on that ground challenged in any appropriate way, and it could not be truthfully said of the answer that it admitted the existence of a partnership. The argument of the attorney constituted an erroneous interpretation of the pleadings, and the approval by the court of his statement was, in effect, telling the jury that the pleadings amounted in law to an admission as to the existence of a partnership. The court had, in its instructions, submitted that question to the jury, but the effect of the court's approval of the remarks of the attorney was to completely take that question away from the jury, and it amounted to an instruction by the court that the jury should take it as established that a partnership existed. *Cogburn* v. *State*, 76 Ark. 110; *St. Louis, I. M. & S. Ry. Co.* v. *Harrison*, 76 Ark. 430; *Sanger* v. *McDonald*, 82 Ark. 432. This error was highly prejudicial, and necessarily calls for a reversal of the cause.

In view of another trial of the case, we deem it proper to say that the testimony, as now presented in the record, is

wholly insufficient to establish a partnership between defendant and Kilpatrick Bros., or that he held himself out to the plaintiff as a partner. The evidence is undisputed that plaintiff made his contract with Kilpatrick Bros. He says that one of the Kilpatricks merely stated to him that the defendant, Denison, would have charge of that particular part of the work, and for him to make his dealings with the latter. He testified that, following the instructions from Mr. Kilpatrick, he carried on negotiations with the defendant, Denison, but he knew at the time that the contract he was making was with Kilpatrick Bros. as principal contractors. The fact that he dealt with the plaintiff under those circumstances is no evidence of a partnership between defendant and Kilpatrick Bros., nor was it sufficient to amount to a holding out on the part of plaintiff of himself as a partner of the principal contractors. There is no evidence whatever that the defendant participated in the profits of the contract, or that he received any benefit therefrom. The undisputed evidence is that defendant merely superintended the work under a special contract with Kilpatrick Bros., and this did not make him a partner in the work, nor was it sufficient to induce the plaintiff to believe that he was a partner and to rely upon that fact. The plaintiff in support of his contention presents some of the supply bills that were furnished him, in which the stationery of Kilpatrick Bros. & Collins was furnished with the name, or a portion thereof, stamped with the name of Denison & Shafter. This is explained by showing that the stationery was probably used when that of Denison & Shafter had been exhausted; but, even without this explanation, the mere making out of bills on that stationery with the name of Denison & Shafter stamped on it is not of sufficient significance under the circircumstances to amount to substantial evidence of the existence of a partnership. We are of the opinion therefore that, even if the record was otherwise free of error, the evidence is insufficient to sustain the verdict in plaintiff's favor. The judgment is reversed, and the cause will be remanded for a new trial.

NOTE.—On rehearing the judgment of this court is modified by dismissing the cause, instead of remanding it for a new trial.