HOOK, ADMINISTRATOR, *v*. REYNOLDS.

4-6517 ) 156 S. W. 2d 242

Opinion delivered December 8, 1941.

*Dean Lindsey, Lightle & Lightle* and *S. M. Casey,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

McHANEY, J. Appellant's intestate, Thurman Hook, was in the employ of appellees, a partnership, engaged in road construction work in Independence county on state highway 87. On September 8, 1940, said intestate was driving a truck on said highway for appellees when he was fatally injured as a result of a collision between the truck he was driving north and a Plymouth coach being driven south by Maxwell S. Smith who had no connection with appellees, but was simply a traveler on said highway. The truck was upset, with its four wheels in the air, said intestate was thrown to the ground, and was so injured that he died 13 days later.

Appellant as administrator of his son's estate brought this action against appellees to recover damages for the injuries to and death of his son. The negli-

gence alleged and relied on, as stated in an amendment to the complaint was that appellees furnished him "a dangerous, defective and unsafe vehicle; to-wit, a certain 1940 V-8 Ford truck on which he was injured; that said truck was dangerous, defective and unsafe in that the rivets attaching the rear spring hangers to the frame of said truck were loose and worn and that said condition was known to the defendants or could and should have been discovered by a reasonable or ordinary inspection; that said condition was not an obvious defect and said Thurman Hook had no knowledge thereof." It was further alleged that, because of said condition, when the collision occurred between said truck and said automobile, "the rivets above mentioned being loose and worn pulled through the frame of said truck, thereby causing the rear axle to move backward and thus pull the drive shaft loose from the universal joint, drop to the ground and violently overturn said truck, and injure the deceased."

At the conclusion of appellant's testimony, the trial court instructed a verdict for appellees at their request. This appeal followed.

It is undisputed that the collision between the Smith car and the truck driven by intestate occurred upon a graveled public highway; that Smith had no connection with appellees; that the point of impact was at the left rear of each vehicle and was so violent that the left rear fender and wheel of the Smith automobile were completely sheared off; that the rear end of the truck was driven back to such extent that the drive shaft was pulled loose from the universal joint so that it fell to the ground. There was evidence by two witnesses that, before the accident, they observed that one of the left rear spring hangers on the truck was loose and had been working about one-eighth of an inch each way on the frame, and two other witnesses for appellant said there were no rivets through the hanger and the frame after the accident. Another witness testified that the rivets on a spring hanger, if tight, would withstand a blow, such as occurred in this collision, but if they were loose it would pull them through.

We agree with the trial court that this testimony goes too far into the field of speculation and conjecture. In directing a verdict for appellees, the court said: "It is the opinion of the court from the evidence here, that it clearly shows that the trouble was due to one of the drivers, either of the truck or the car, in not giving sufficient space there for the other one to pass; as to who it was, I am not undertaking to say. But in either event the car that collided with this truck which Hook was driving, and belonging to these defendants, was not a car operated by any of their employees. It appears to me that the trouble was in the collision and not the fault of any of these defendants. As to whose fault, I am not undertaking to say as between the driver of the truck and the driver of the car. And for the jury to assume that this little loose rivet back there on the spring caused this boy's injury and death would be going too far into the field of speculation."

We agree with that statement of the court. The collision was the proximate cause of the injury to Hook and not the loose rivets in the hanger if they were loose. But for the collision there would have been no injury. It is appellant's contention, without any evidence to support it, that the rivets had been pulled through the frame by the impact, which would not have happened had they been tight. But conceding that such was the fact, still that was not the proximate cause of the injury. As said by Chief Justice HART in *Booth & Flynn* v. *Price*, 183 Ark. 975, 39 S. W. 2d 717, 76 A. L. R. 957, "So, it is generally held that, in order to warrant a finding that negligence is the proximate cause of an injury it must appear that the injury was the natural and probable sequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

The trial court properly directed a verdict for appellees and the judgment is accordingly affirmed.

HUMPHREYS and MEHAFFY, JJ., dissent.