HAYES *v.* MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE.

4-7575                                    186 S. W. 2d 780

Opinion delivered March 26, 1945.

*John G. Lardner* and *Herrn Northcutt,* for appellant.

*Thomas B. Pryor* and *Harvey G. Combs,* for appellee.

ROBINS, J.  Appellant, Hileard Hayes, while working as a track laborer for appellee Railroad Company suffered severe burns, which resulted in serious and permanent injury to him.  He brought suit in the lower court for damages, alleging that his injury was caused by the negligence of appellee.  Appellee answered with a general denial.  At the conclusion of testimony offered by appellant the court sustained a motion by appellee for peremptory instruction in its favor.  From judgment entered on the verdict rendered in accordance with the court's direction appellant prosecutes this appeal.

Appellant was the only witness as to the accident in which he sustained the injury complained of by him.  He testified that he was employed by appellee in October,

1942, and that his duties were to "tar rails and put on angle bars, and finish them with creosote"; that while he was working for appellee on the 20th day of December, 1942, he was injured. "Q. Tell the jury what you were doing on this occasion and how you were injured. A. It was dry and a train come along and set the right-of-way on fire. We had been putting out fires along the right-of-way . . . and there was a telegraph pole on fire and I went over to put it out and caught fire. My pants was saturated with this creosote and when they caught fire, it blew up, and a strong wind made it worse. I started running and my clothes was burned off of me and burned on up to my face . . . Q. Why did you try to put out this fire? A. I thought I was protecting the company. Q. Had you ever done work like that before? A. No, sir. . . . Q. You didn't have to go out and fight fires. A. We had been doing it. Q. Nobody told you to do it. A. Nobody told me, but I had put out fires before."

Appellant contends that the fire set out by appellee created an emergency that authorized appellant to take steps apparently necessary to him in order to put out the fire and that it was for the jury to say whether appellee's negligence was the proximate cause of appellant's injury and whether appellant was barred from recovery by his contributory negligence. It is unnecessary for us to determine whether appellant, as a matter of law, was guilty of contributory negligence in going near flames with his clothing saturated with a highly inflammable liquid, because, under the proof in this case, it was not shown that any negligence of the appellee caused appellant's injury. Assuming, without deciding, that it was shown that the fire was negligently set by appellee, it cannot be said that appellant's injury was a natural and probable consequence of the fire being set or that it ought to have been foreseen by appellee. If appellant had not gotten too close to the blaze, his pants would not have caught on fire, and, if they had not been soaked with inflammable liquid, even if they had caught fire, such fire could ordinarily have been extinguished with little, if any, injury to appellant. Even if it should be held that appellant's

attempt to extinguish the fire was a natural and probable consequence of appellee's setting fire to the grass on the right-of-way, still it cannot be said that appellant's act in getting too close to the fire while wearing extraordinarily inflammable clothing was a natural and probable consequence of appellee's negligence, if any, in causing the grass to become ignited.

In Am. Jur., vol. 38, p. 735, it is said: "The chain of causation between the defendant's negligence and the plaintiff's injury is broken when an independent act of the plaintiff, not within the reasonable contemplation of the defendant, intervenes to bring about the injury."

Judge GARDNER, speaking for the Circuit Court of Appeals, Eighth Circuit, in the case of *Fort Smith Gas Co.* v. *Cloud,* 75 F. 2d 413, 97 A. L. R. 833, said: "The consequence of the negligent act must be within the range of probability as viewed by the ordinary man, and consequences which are merely possible cannot be regarded as either probable or natural."

The rule is thus stated in Sherman and Redfield on Negligence, vol. 1, p. 100: "When the natural and continuous sequence of causal connection between the negligent conduct and the injury is interrupted by a new and independent cause, which itself produces the injury, that intervening cause operates to relieve the original wrongdoer of liability. The original negligent conduct, while a cause of the injury, is merely a remote and not a proximate cause thereof."

Judge HART, in the case of *Pittsburg Reduction Company* v. *Horton,* 87 Ark. 576, 113 S. W. 647, 18 L. R. A., N. S., 905, wherein this court refused to hold liable defendant, who, it was alleged, had left along its tracks dynamite caps, which were picked up by a boy ten years of age, and by him carried home where he played with them for about a week, after which he carried them to school and traded them to the minor plaintiff, in whose hand one of the caps exploded, injuring him in such a manner as to require amputation of his hand, said: "As was said by this court in the case of *Martin* v. *Railway*

*Co.,* 55 Ark. 510, 19 S. W. 314, and later approved in the case of *James* v. *James,* 58 Ark. 157, 23 S. W. 1099, there must be a direct connection between the neglect of the defendant and the injury. That its connection must be something more than one of a series of antecedent events without which the injury would not have happened. It is a well-settled general rule that if, subsequent to the original negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the original negligence is too remote.''

In the case of *Arkansas Valley Trust Company* v. *McIlroy,* 97 Ark. 160, 133 S. W. 816, 13 L. R. A., N. S., 1020, this court held (headnote 4) : ''Where a defendant set fire to the grass, and went away while it was smouldering, and plaintiff, a child of tender years, took some paper and ignited it at such smouldering fire, and with the lighted paper attempted to fire the grass at another place, and thereby ignited her clothes, and was burned, the plaintiff's own act was the proximate cause of her injury''; and in the opinion in that case Justice FRAUEN-THAL, speaking for the court, said: ''As is said in the case of *St. Louis, I. M. & So. Ry. Co.* v. *Bragg,* 69 Ark. 402, 64 S. W. 226, 86 Am. St. Rep. 206: 'It is a fundamental rule of law that, to recover damages on account of the unintentional negligence of another, it must appear that the injury was the natural and probable consequence thereof, and that it ought to have been foreseen in the light of the attending circumstances.' In the case of *Gage* v. *Harvey,* 66 Ark. 68, 48 S. W. 898, 14 L. R. A. 143, 74 Am. St. Rep. 70, Mr. Justice BATTLE said: 'In determining whether an act of a defendant is the proximate cause of an injury the rule is that the injury must be the natural and probable consequence of the act —such a consequence, under the surrounding circumstances of the case, as might and ought to have been foreseen by the defendant as likely to flow from his act.' 21 Am. & Eng. Enc. Law 489; 29 Cyc. 493; *St. Louis, I. M. & S. Ry. Co.* v. *Buckner,* 89 Ark. 58, 115 S. W. 923, 20 L. R. A., N. S., 458.''

In the case of *Missouri Pacific Railroad Co.* v. *Benham,* 192 Ark. 35, 89 S. W. 2d 928, the appellee had in the circuit court recovered against the railroad company a judgment for damages alleged to have been occasioned by the burning of a pasture from a fire set out by a locomotive of appellant and also for damages for injuries sustained by appellee from heat prostration suffered by appellee on account of becoming too hot while fighting the fire. The judgment of the lower court for damage to the pasture was affirmed, but recovery for the personal injury sustained by appellee in fighting the fire was denied. Judge BUTLER, speaking for the court in that case, said: "Plaintiff suggested and adopted his own method of fighting the fire, and proceeded with its execution according to his own judgment without dictation or interference by any of defendant's employees. Defendant made no contention that the fire was not occasioned by sparks from its passing locomotive and there was no proof made as to the fire escaping from the locomotive because of any negligence on the part of defendant as it was liable for any damage by fire caused by the locomotive because of § 8569, Crawford & Moses' Digest, whether the fire was occasioned with or without negligence. If, however, it may be assumed that some negligent act or omission on the part of defendant resulted in setting out the fire, nevertheless there is no liability for the physical injuries plaintiff has suffered. It is well-settled that, before liability can attach to anyone for a negligent act, it must be the proximate cause of the resulting injury and one which, in the light of attendant circumstances, a person of ordinary foresight and prudence could have anticipated. *St. Louis, I. M. & So. Ry. Co.* v. *Bragg,* 69 Ark. 402, 64 S. W. 226, 86 Am. St. Rep. 206; *Arkansas Valley Trust Co.* v. *McIlroy,* 97 Ark. 160, 133 S. W. 816, 31 L. R. A., N. S., 1020. It was the duty of plaintiff to use reasonable efforts to himself extinguish the fire and thus minimize his damage; if, in doing so, he was intemperate and injury to himself occurred, it was his own fault and a consequence which could not have been reasonably foreseen from the negligent act, if any, of the defendant in allowing fire to escape from its

locomotive. In other words, it was his own act which was the active intervening cause directly producing the injury and not the original alleged negligent act of defendant.''

We held in the case of *Hook, Administrator,* v. *Reynolds,* 203 Ark. 259, 156 S. W. 2d 242 (headnote 3) : ''In order to warrant the finding that negligence is the proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligent or wrongful act and that it ought to have been foreseen in the light of the attending circumstances.''

Appellant urges that the holding of this court in the case of *Booth & Flynn* v. *Price,* 183 Ark. 975, 39 S. W. 2d 717, 76 A. L. R. 957, is conclusive of the correctness of his contention that the evidence adduced in the trial below was sufficient, given its strongest probative force, to authorize a jury to find that the negligence of appellee was the proximate cause of appellant's injury. Conceding, without deciding, that the doctrine of that case was in accord with the weight of authority and should be followed, the facts therein were so essentially different from those in the case at bar as to prevent it from controlling here.

It is also argued by appellant that by the provisions of Act of the General Assembly of Arkansas of April 2, 1907 (§ 11147 of Pope's Digest), an absolute liability was imposed upon appellee for all damage resulting from a fire set by one of its locomotives. That Act has no application to bodily injuries. Its operation is limited by its language to ''destruction of, or injury to, any property, real or personal.''

The judgment of the lower court was correct and it is affirmed.