MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE *v.* CUNNINGHAM.

4-8792                                                    217 S. W. 2d 240

Opinion delivered January 24, 1949.

Rehearing denied February 21, 1949.

*Henry Donham* and *Thomas Harper,* for appellant.

*Yates & Yates,* for appellee.

ROBINS, J. In her suit against appellant for damages for bodily injuries, which she alleged were caused by her efforts to put out a fire negligently started by appellant, appellee was awarded $2,500 by a jury in the lower court. From judgment on the verdict this appeal is prosecuted.

The evidence on behalf of appellee tended to establish these facts:

Appellee is a married woman twenty-eight years old, and has four children, ranging in age from four months to seven years. She lived in a frame four-room house about seventy-five yards from appellant's railroad track. The house had three doors, but only one—the front door—was available as an entrance or exit, as the other two had been nailed up. Two of the children were in bed asleep and two were in the kitchen with appellee when she discovered the fire. Her husband, a fisherman, was absent at his work. Immediately before she saw the fire she heard appellant's train pass, going northwest. The wind was from the east, toward her house. It was during dry season and the yard was covered with grass from twelve to eighteen inches high, the house being in a pasture. The ground between the house and the railroad right-of-way was covered with dry grass. There was no fire burning near before the train passed. When she first saw the fire it was blowing up on the steps of the front porch, and she had to fight the fire to save herself and her children. Her dress caught on fire and she received burns on her eyes, legs and ears.

From these burns she suffered some loss of vision and of hearing. She had large blisters on her legs, and where her hair was burned it has become gray—she had no gray hair before the fire. She did not have a doctor to treat her at the time because they were unable to pay one in advance to come to see her; but later was examined by a physician. She was unable to work for four weeks after her injury.

The physician who examined appellee said he found evidence of burns on her legs from her knees down and that the scars were permanent. He also found evidence of injury to her eyes and ears, all in his opinion caused by the heat. His opinion was that these injuries were permanent and that her hair, where it had been burned off and had grown back, would remain gray.

Witnesses testified that the fire burned from the edge of the "dump" to appellee's house.

The railroad section foreman testifying as a witness for appellant stated that he had long been familiar with the location of the house where appellee lived; that the right-of-way was covered with Johnson grass and other grass, and that appellee's home was about seventy-five yards from the track and the distance between was covered with short grass. He did not know whether the train set fire to the grass or not, but had made a settlement with the owner of the property where appellee was living for claim growing out of this fire.

The lower court denied appellant's motion for an instructed verdict in its favor; but told the jury that, if appellant negligently started a fire near appellee's home, and if the fire burned to or near her home in such a way as to endanger her and her children and that there was no reasonable means of escape for her and the children by leaving the building, and that if appellee, without fault or carelessness on her part fought the fire while it was burning near the front door and prevented it from burning the house and her children, and, if appellant's agents knew of the location of the house, and, if the act of the appellant in setting the fire was the proximate cause of her injury, and if she was free from contributory negligence, she was entitled to a verdict.

Other instructions defining negligence and contributory negligence were given; and the jury was further instructed that if appellee was "intemperate" in her method of fighting the fire, and the injury thereby resulted to her appellant was not liable.

For reversal it is insisted by appellant:

First, that no liability on the part of appellant for appellee's injury was shown; and,

Second, that the amount of damages awarded was excessive.

I.

Appellee's claim for damages being for bodily injury, not damage to property, the rule of liability against appellant, created by § 11147, Pope's Digest, did not

apply. But the lower court did not attempt to invoke this rule. On the contrary it required a finding by the jury that appellant *negligently* set the fire before a verdict in favor of appellee might be rendered. Appellant, who alone had the means of producing testimony relating to the condition of the locomotive as to emission of sparks, and as to its performance on the occasion involved, did not see fit to offer any such evidence.

We conclude from the facts and circumstances shown that the action of the lower court in submitting to the jury the question of appellant's negligence was not erroneous.

It is urged by appellant that recovery by appellee is precluded by some of our former decisions, notably, in the case of *Hayes* v. *Missouri Pacific Railroad Company*, 208 Ark. 370, 186 S. W. 2d 780, and in the case of *Missouri Pacific Railroad Company* v. *Benham*, 192 Ark. 35, 89 S. W. 2d 928.

In the *Hayes* case we held that the lower court properly directed a verdict in favor of the railroad in the suit of Hayes, a section hand, for injuries sustained by Hayes while fighting a fire on the right-of-way. But it was shown in that case that Hayes, without any direction whatever from his master to put out the fire, went too close to the blaze while he was wearing oil-soaked trousers, which caught on fire.

In the *Benham* case, it appeared that Benham volunteered to fight a fire set out by the railroad company and suffered "heat prostration" from over-exerting himself in trying to extinguish the fire.

The lack of any analogy in the situations in those cases and the situation in the case at bar is apparent. Here we do not have the case of a volunteer fire fighter injured by his own carelessness or intemperate method in fighting the fire. We have a finding by the jury that appellee was neither negligent nor intemperate in her effort to put out the fire. The jury no doubt took into consideration the instinctive urge of a mother to protect her young children at any cost; and we are not willing

472

to set aside, as being without foundation in the evidence, the jury's finding that this young mother was not guilty of contributory negligence. in courageously meeting, as she did, the imminent danger to her little children. See *Mo. Pac. Rd. Co.* v. *Johnson,* 198 Ark. 1134, 133 S. W. 2d 33.

## II.

Little need be said on the question of excessiveness of damages awarded. Appellee was severely and painfully burned. There was some evidence that the burns caused injury to her sight and to her hearing. The scars on her legs amount to permanent disfigurements. It may not be said as a matter of law that the jury's appraisement of her damages was excessive.

The judgment of the lower court is affirmed.