## GAGE v. HARVEY.

### Opinion delivered December 24, 1898.

SALOON-KEEPER — CIVIL LIABILITY. — One who becomes intoxicated upon liquor sold to him in a saloon, and thereby incapacitated to take care of his money, and who, while in that condition, loses it by having it forcibly and without his consent taken from his pockets by another, cannot maintain an action against the saloon-keeper and the sureties on his bond to recover the money so taken. (Page 69.)

Appeal from the Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

A. Harvey filed · his suit in the Garland circuit court against Vincent Gage, George Sargianovich, J. Kempner and David Beffa to recover $470, alleged to have been lost in a saloon or dram-shop managed by Gage for Sargianovich. The complaint alleges that in November, 1895, Sargianovich was the owner of a certain saloon in the city of Hot Springs; that on January 1, 1895, he procured a dram-shop license for the same from the county court of Garland county and executed a bond to the state, with J. Kempner and D. Beffa as his sureties; that on the 23d of November, 1895, Sargianovich had Gage in charge of said saloon as manager; that on said date Harvey became and was intoxicated in said saloon; that said intoxication was caused in whole or in part by liquor sold or given away at the bar by Gage; that Harvey, while in said saloon on that day, had on his person a large sum of money, which fact Gage well knew; that Gage took from Harvey's person, without his knowledge or consent, the sum of $470 in currency, and refused to return the same.

There was evidence tending to sustain the allegations of the complaint, and a verdict for the amount sued for was returned against all of the defendants, who have appealed.

*Graves & Martin* and *Morris M. Cohn*, for appellants.

This is a statutory action, based upon sections 4870 and 4873, Sand. & H. Dig. Such statutes are strictly construed.

70 Ill. 496; 71 Ill. 241; *ib.* 632; 72 *id.* 540; 4 Hun, 773. The evidence must be confined to the pleadings. 77 Ill. 109. No such action existed at common law. 44 Ia. 19; 55 Ark. 52; 30 Wis. 344; 11 Ind. 64. The section providing for the bond and that giving the general cause of action are to be construed together. 33 Wis. 107. The statute does not protect the one whose intoxication is the alleged basis of recovery. 44 Mich. 617; 8 Hun, 112; 14 Bush, 538; 7 Tex. Civ. App. 158. The loss, to sustain an action in any event, must have been proximately caused by intoxication from liquor sold by defendant. 53 Ind. 517; 54 *id.* 559; 84 Ill. 195; 83 *id.* 56; 37 Minn. 345; 3 Ill. App. 375; 80 Ala. 505; 86 Ga. 177; Cooley, Torts, 68, 69. The court's instructions assume the truth of facts which legitimately belong to the jury; hence they are erroneous. 14 Ark. 295; *id.* 537; 18 *id.* 525; 20 *id.* 188; 23 *id.* 411; 24 *id.* 543; 34 *id.* 702; 36 *id.* 125; 45 *id.* 263.

*Wood & Henderson,* for appellees.

The question, what was the proximate cause of the appellee's loss, was for the jury. 62 N. W. 891. The fact that appellee drank at other places is not material. 77 Ill. 126; 42 N. W. 751; 27 O. St. 259; 25 Am. Rep. 362. Appellee is a person "aggrieved," within the meaning of the law. Sand. & H. Dig. § 4873; 62 Ark. 374. The legislature has a right to provide a remedy for damages occasioned by liquor sales. 43 Ark. 364; 45 Ark. 356.

BATTLE, J. The question in this case is, can one who becomes intoxicated upon liquor sold to him in a saloon or dram-shop by the keeper thereof or his agents, and thereby incapacitated to hold and take care of his money, and who, while in that condition, loses it by having it forcibly or without his knowledge or consent taken from his pockets by some person, maintain an action against the keeper and the sureties on his bond to recover the money so taken?

This question arises under section 4870 of Sandels & Hill's Digest, which provides: "Each applicant for a dram-shop or drinking saloon license * * * shall enter into bond to the state of Arkansas, in the penal sum of two thousand dollars, conditioned that such applicant will pay all dama-

ges that may be occasioned by reason of liquor sold at his house of business, * * * which bond shall have two good securities thereto, to be approved of by the court;" and under section 4873 which reads as follows: "Any person aggrieved by the keeping of said dram-shop or drinking saloon * * * may have an action on said bond against the principal and securities for the recovery thereof."

The answer to the question obviously depends upon the meaning of the words, "conditioned that such applicant will pay all damages that may be occasioned by reason of liquor sold at his house of business," which are used in section 4870. They should be construed according to the general rule fixing the limit of the liability of parties for the consequences of their acts in other cases, as they in no way indicate an intent to make the liability of the saloon keeper an exception to such rule. According to their legal effect, they bind him to pay all damages that may be the natural and proximate result of the use or consumption of liquor sold by him or his agents at his place of business. Further than this the law does not extend the liability on his bond on account of the sale of liquor. As said by Lord Bacon: "It were infinite for the law to consider the cause of causes, and their impulsion one of another; therefore it contenteth itself with the immediate cause, and judgeth of acts by that, without looking to any further degree." Bacon's Maxims, Reg. 1; Broom's Legal Maxims, 165.

The material inquiry in this case is, therefore, whether the use or consumption of the liquor sold by the keeper or his agents at his place of business was the proximate cause of the loss of the money mentioned in the question propounded.

In determining whether an act of a defendant is the proximate cause of an injury, the rule is that the injury must be the natural and probable consequence of the act—such a consequence, under the surrounding circumstances of the case, as might and ought to have been foreseen by the defendant as likely to flow from his act; the act must, in a natural and continuous sequence, unbroken by any new cause, operate as an efficient cause of the injury. If a third person intervenes between the act of the defendant and the injury, and does a culpable act, for which he is legally responsible, which pro-

duces the injury. and without it the injury would not have occurred, and the act of the defendant furnished merely an occasion for the injury, but not an efficient cause, the defendant would not be liable. For no one is responsible for the independent wrong of a responsible person to whom he sustains no relation which makes him liable for his wrong independent of an actual participation therein or connection therewith, as, for instance, the master for the acts of the servant in the scope, course or range of his employment.

Mr. Wharton states the doctrine in question and answer as follows: "Supposing that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative; for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor, and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is liable to the person injured." Wharton, Negligence, § 134 *et seq.*

We will give a few illustrations of the rule stated, beginning with *Alexander* v. *Town of New Castle,* 17 N. E. Rep. 200, in which a town was sued for injuries alleged to have been caused by a pit or excavation in a street, which the town wrongfully and negligently suffered and permitted to remain open and uninclosed. The plaintiff was a special constable, and was thrown into the pit by a prisoner he had under arrest, as they were passing and opposite the pit, and was injured; the prisoner escaping. It was insisted that, as the pit or excavation, so wrongfully and negligently permitted to remain open and uninclosed, afforded the prisoner the opportunity of throwing the plaintiff into it, as a means of escape, it was, in legal contemplation, the proximate cause of the injuries which the plaintiff received. But the court held that the prisoner was

clearly an intervening as well as an independent human agency in the infliction of the injuries of which the plaintiff complained, and that the town was not liable. In that case the pit afforded the opportunity to inflict the injury, but was not an efficient cause of it.

In *Vicars* v. *Wilcocks*, 8 East, 1, the plaintiff sued the defendant for slander, which was uttered in a conversation with persons who were not his employers, but was communicated to his master, and attempted to hold him liable for the damage he suffered by reason of his master discharging him, in consequence of the slander, before the expiration of his term of service. And Lord Ellenborough said that the special damage must be the legal and natural consequence of the words spoken, otherwise it did not sustain the declaration; and here it was an illegal consequence, a mere wrongful act of the master for which the defendant was no more answerable than if, in consequence of the words, other persons had afterwards assembled and seized the plaintiff, and thrown him into a horse pond by way of punishment for his supposed transgression. And his lordship asked whether any case could be mentioned of an action of this sort sustained by proof only of an injury sustained by the tortious act of a third person. *Cuff* v. *Newark & N. Y. R. Co.*, 35 N. J. L. 31.

In *Shugart.* v. *Egan*, 83 Ill. 56, the plaintiff's husband, while in a state of intoxication caused by liquors obtained by him from the defendant, insulted or menaced one McGraw, who thereupon stabbed him, inflicting a wound whereof he died shortly afterwards. The court held that the plaintiff was not entitled to recover under a statute which gave a wife "who shall be injured in person, property or means of support" in consequence of the intoxication of any person "a right of action against the person who caused the intoxication, and made such person liable for all damages sustained and for exemplary damages." Mr. Justice Scholfield, for the court, said: "It has also been held that the intervention of the independent act of a third person between the wrong complained of and the injury sustained, which was the direct or immediate cause of the injury, breaks the causal connection; and, consequently, there can, in such case, be no recovery except as against the person

whose immediate agency produced the injury.  *   *   *   Here, the death not resulting from intoxication or from any disease induced or aggravated by the use of liquor, but solely from the direct and wilful act of McGraw, we have a case clearly within this principle."

In the case before us the intervening act produced the injury complained of, and was the wrongful act of a third person for which he was legally responsible. The sale and consumption of the liquor may have furnished the opportunity or occasion for the wrongful act of the third person, but was not the proximate cause of the injury. Hence the saloon keeper. who sold the liquor which produced the intoxication, and the sureties on his bond, are not liable for damages. *Cuff* v. *Newark & N. Y. R. Co.*, 35 N. J. L. 17.

The judgment of the circuit court is reversed as to George Sargianovich, the keeper of the saloon, and J. Kempner and D. Beffa, the sureties on his bond, and is affirmed as to Vincent Gage.