ARKANSAS VALLEY TRUST COMPANY *v.* McILROY.

## Opinion delivered January 2, 1911.

1.  NEGLIGENCE—UNGUARDED FIRE—INJURY TO CHILD.—In an action by a
    child 12 years old to recover damages sustained from an unguarded
    fire, it was error to instruct the jury that "if a person leaves a fire
    or other instrumentality attractive to children unguarded at a place
    where children are accustomed to go and play, and a child does
    go to or near such fire or other dangerous instrumentality attractive
    to children, and is injured, such child can recover damages," as it
    would not be negligence to leave the fire unguarded if the plaintiff
    was of sufficient intelligence to appreciate the danger of playing
    with the fire.   (Page 164.)

2.  NEGLIGENCE—PROXIMATE CAUSE.—Before one can be held liable for an
    alleged negligent act, it must be the proximate cause of the injury,
    and also be of such a nature that the consequent injury should be
    one which, in the light of attending circumstances, a person of or-
    dinary foresight and prudence would have anticipated. (Page 165.)

3.  SAME—OBJECT ATTRACTIVE TO CHILDREN.—The leaving upon a certain
    premises of a dangerous object which is attractive to children does
    not constitute negligence *per se;* the act of negligence consists in
    leaving such object under such circumstances that one of ordinary
    prudence might expect that a child of the intelligence of the plaintiff
    would be injured thereby.   (Page 165.)

4.  SAME—PROXIMATE CAUSE.—Where a defendant set fire to the grass,
    and went away while it was smoldering, and plaintiff, a child of
    tender years, took some paper and ignited it at such smoldering fire,
    and with the lighted paper attempted to fire the grass at another
    place, and thereby ignited her clothes, and was burned, the plain-
    tiff's own act was the proximate cause of her injury.  (Page 166.)

5.  EVIDENCE—STATEMENT OF CODEFENDANT.—Statements of a defendant
    that he directed plaintiff to watch the fire which he had left, made
    some time after plaintiff was burned and in the absence of his co-
    defendants, was incompetent as against such codefendants; but the
    rule is otherwise as to his statements made at the time of the injury
    and constituting a part of the *res gestae.*  (Page 166.)

6.  MASTER AND SERVANT—LIABILITY FOR ACTS OF SERVANT.—Where there
    was testimony that one of the defendants, acting for his codefendants,
    requested or directed plaintiff, a child of 12 years old, to guard a
    fire which he left smoldering, and that while so guarding the fire
    her clothes were ignited, it was a question for the jury whether,
    taking into consideration plaintiff's age, intelligence and capacity,
    she was guilty of contributory negligence; and if she was not negli-
    gent, then defendants were liable if she was not properly warned of
    the danger from the fire and was injured thereby.  (Page 167.)

7. NEGLIGENCE—FIRE—WARNING TO CHILD.—One who directs a twelve-year-old child to watch a fire, without warning her as to the danger therefrom, is negligent. (Page 167.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Read & McDonough* and *Ira D. Oglesby,* for appellant.

1. The rule is fundamental that, in order to recover damages on account of the unintentional neglect of another, it must appear that the injury was the natural and probable consequence thereof, and that it ought to have been avoided in the light of attending circumstances. 150 U. S. 249; 69 Ark. 42, 45; 86 Ark. 289. There must be a direct connection between the neglect of the defendant and the injury. 55 Ark. 510; 58 Ark. 157; 91 Ark. 260; 70 Ark. 331; 79 N. E. 950; 79 S. W. 927.

2. Appellee was clearly guilty of contributory negligence as a matter of law. 76 Ark. 10; 112 Ill. App. 531; 114 Ill. App. 118; 78 N. Y. 355; 70 Ark. 331.

*Vincent M. Miles,* for appellee.

1. This suit was brought by the child to recover for her own pain and suffering, and not for the benefit of her parents. Hence negligence of her parents, if any, will not be imputed to her. 77 Ark. 398; 68 Ark. 1; 63 Ark. 177.

2. The question of contributory negligence was fully presented to the jury in the instructions of the court. 59 Ark. 180; *Id.* 215; 72 Ark. 1. The contention that instruction "A" presupposes that all fires are attractive to children is without merit. 66 Ark. 47.

3. Berg's negligence is shown by the evidence. If he did not act under all the circumstances as a person of ordinary prudence should, he was negligent; and if this negligence was the proximate cause of the injury, appellants are liable. The question whether or not he properly guarded the fire after having started it was one for the jury. 16 Ark. 308; 22 Neb. 621; 102 Mich. 69; 60 N. W. 297; 54 Minn. 522; 56 N. W. 243; 23 L. R. A. 513. Appellee was no trespasser, but, even if she had been, she would be entitled to recover. 152 U. S. 268, 38 Law. Ed. 434.

FRAUENTHAL, J. This was an action instituted by Mary L. McIlroy for the recovery of damages for personal injuries sustained by her from burns which it was alleged were caused by the negligent acts of the defendants. The plaintiff was a minor about 12 years old, and she was living with her father in the city of Fort Smith upon premises rented from one of the defendants, the Arkansas Valley Trust Company, a domestic corporation, of which C. R. Breckinridge, another defendant, was president. A. H. Berg, the third defendant, was employed by the Arkansas Valley Trust Company to rent out and care for said premises. In December, 1908, said Berg set fire to the dry grass and weeds which had accumulated in the yard on said premises. It was alleged in the complaint that, after setting fire to said grass and weeds, said Berg carelessly and negligently went away without leaving any competent person to attend to and care for said fire while same was yet vigorously burning; that the plaintiff came into the yard where the fire was left burning, and therefrom her clothing was ignited, burning her body severely. The testimony on the part of the plaintiff tended to prove that said Breckinridge authorized and directed said Berg to burn the grass and weeds on said lot, and that at the time said Berg set out said fire the plaintiff was upon the porch of the house in the same yard, and that he left the fire while it was still burning, and that he directed the plaintiff to watch or guard it. The testimony on the part of the plaintiff tended further to prove that the child went to the burning grass, either to guard or play with it, and that her clothes caught fire therefrom. The testimony on the part of the defendants tended to prove that, after setting fire to the grass, Berg remained until it had died out except in some low places where it was slightly smoldering, and that he did not see the plaintiff and did not request her to watch the fire. The plaintiff was of the average intelligence of a girl of 12 years of age, and on the day that Berg set out the fire her father and mother were at the house and saw the fire set out by Berg and did not object to the firing of the weeds and grass.

Upon its own motion the court gave the following instructions to the jury.

"A. If a person leaves a fire or other instrumentality at-

tractive to children unguarded at a place where children are accustomed to go and play, and a child does go to or near such fire or other dangerous instrumentality attractive to children, and is injured, such child can recover damages from all those concerned in leaving unguarded such fire or other dangerous instrumentality attractive to children.

"B. If the jury finds from the evidence that the proximate cause of the injury to the plaintiff was some voluntary act of hers in attempting to set fire to and burn grass, and was not caused by reason of or on account of negligence of defendant Berg (if negligent) in leaving fire in the yard, then defendant would not be liable."

And at the request of plaintiff it gave among other instructions the following:

"5. If you find from a fair preponderance of the testimony in this cause that defendant, A. H. Berg, while acting within the scope of his authority as agent for the Arkansas Valley Trust Company, and under the directions of C. R. Breckinridge, negligently set out a fire on the lot of the residence of Mary McIlroy's father, and negligently left said fire before the same was extinguished, and went away, and that Mary McIlroy, an infant of tender years, went to or near said fire and began to play with the same, and while so doing accidentally caught fire and was burned and injured as set out in the complaint, you will find for the plaintiff and against the defendants, unless you find that she was of sufficient age and discretion to be able to guard against her own negligent acts, if guilty of any."

The defendants requested the court to give the following instruction, which was refused:

"5. If the jury believe from the evidence that the defendant Berg set fire to the grass in the McIlroy yard at the request of plaintiff's mother or of his own volition, that after the grass had about burned out he left, that plaintiff then went into the yard with pieces of paper and set fire to some of the grass which had not burned, and while engaged in thus setting fire to the unburned grass she in some way accidentally caught on fire, the defendants are not liable."

The jury returned a verdict in favor of the plaintiff for

$2,500 against all the defendants, and they have appealed from the judgment rendered thereon.

The liability of the defendants to the plaintiff for the injury which she sustained depends upon whether or not it was a consequence of negligence on the part of Berg and due to a want of that prudence and care which the law required him to observe in setting out and guarding the fire. It is not contended that he did not have the right to set out the fire, but it is urged that he was negligent in leaving the fire while it was yet burning and thereby attracting the plaintiff, a child, to this dangerous but alluring element, which was unguarded. The principle upon which the act of negligence of Berg is thus predicated is that where one maintains upon premises an object of uncommon character which is dangerous in its nature and to which children would ordinarily be attracted he is liable for the consequent injury to them therefrom. And it was upon this principle that the above instruction "A" was given by the court of its own motion. By that instruction the jury were told that if a person leaves a fire or other instrumentality attractive to a child unguarded at a place where the child is likely to play, and the child goes near the fire and is injured, such person is liable for the injury. According to this instruction, the child might be of an age and intelligence to fully appreciate the danger which might result from playing with the fire, and yet, if such a child should go to the fire and be injured, a liability for such injury would result. But under such circumstances a cause of actionable negligence would not arise. Before one can be held liable for an alleged negligent act, it must be the proximate cause of the injury and also of such a nature that the consequent injury should be one which, in the light of the attending circumstances, a person of ordinary foresight and prudence would have anticipated. As is said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Bragg,* 69 Ark. 402: "It is a fundamental rule of law that. to recover damages on account of the unintentional negligence of another, it must appear that the injury was the natural and probable consequence thereof, and that it ought to have been foreseen in the light of the attending circumstances."

In the case of *Gage* v. *Harvey,* 66 Ark. 68, Mr. Justice

BATTLE said: "In determining whether an act of a defendant is the proximate cause of an injury the rule is that the injury must be the natural and probable consequence of the act—such a consequence, under the surrounding circumstances of the case, as might and ought to have been foreseen by the defendant as likely to flow from his act." 21 Am. & Eng. Enc. Law, 489; 29 Cyc. 493; *St. Louis, I. M. & S. Ry. Co.* v. *Buckner,* 89 Ark. 58.

The leaving upon the premises of a dangerous object attractive to children does not alone constitute the act of negligence; the act of negligence consists in leaving such object under such circumstances that one of ordinary prudence might reasonably expect that a child too young to appreciate the danger would be allured to and attracted thereby. What might be an act of negligence in leaving such an object or element resulting in attracting thereto a child of a few years of age and too young to appreciate the danger therefrom might not be an act of negligence if it should be reasonably expected that only a child of the age and maturity to fully understand and appreciate the danger from such an object or element should go near thereto, because it would not be reasonably anticipated that a child of sufficient maturity and intelligence to appreciate the danger from fire would go to and play with this dangerous element. The character of the object or element thus left on the premises and the maturity and intelligence and capacity of the child must be taken into consideration before it can be said that the leaving such object or element on the premises unguarded is such an act of negligence that a liability would result therefrom for a consequent injury. In the case at bar the element was fire, known to be dangerous by very young children, and the child was 12 years old and of the average intelligence of a child of that age. If a person of ordinary prudence and foresight would not anticipate that a child of that age and intelligence would not appreciate the danger from fire and would play with it, then it would not be an act of negligence to leave it where such child might go. In the case of *Brinkley Car Co.* v. *Cooper,* 70 Ark. 331, Mr. Justice RIDDICK, speaking of an alleged act of negligence in permitting a pool of hot water to remain upon premises into which a child

of 6 years of age walked and was scalded, said: "There are few boys of 6 years of age that do not know that fire or hot water will burn; and if this boy possessed that amount of intelligence, and yet went on the premises of the company and of his own volition or carelessness walked into an open pool of water that he knew was hot, we think that no recovery can be had for injury thus sustained by him." So in the case in review if the plaintiff was of the intelligence and capacity to know that fire would burn and was dangerous, then it could not be said that the defendants were negligent in not foreseeing that she would be attracted to and would play with fire that was left in the yard. We think, therefore, the court erred in giving said instruction "A" of its own motion. And for the same reason the court erred in giving instruction number 5 on behalf of the plaintiff.

We are also of the opinion that the court erred in giving instruction "B" of its own motion. The testimony on the part of defendants tended to prove that when said Berg left the fire it had about died out, and that only in a low place where the grass was damp it was still smoldering; and that the plaintiff took some paper and ignited it at such smoldering fire, and with the lighted paper attempted to set on fire grass at another place in the yard and thereby ignited her clothes. Such alleged act was an efficient intervening cause which resulted in the injury. It was not the probable and natural consequence of the setting out of the fire by Berg, but was as independent of it as if the child had set fire to the paper with matches and therefrom had ignited her clothes. For such act the defendants would not be liable, even though Berg was negligent in setting out the fire. *Gage* v. *Harvey, supra;* Wharton on Negligence, § 134; 29 Cyc. 499.

The act of the plaintiff in lighting the paper and therefrom igniting her clothes while she herself was attempting to set other grass on fire was a new and independent force which caused the injury, and the act of Berg in setting out the fire would be too remote to be the cause thereof; and therefore no liability for the injury sustained under such circumstances could be fastened upon the defendants, even though Berg was negligent in leaving the fire unguarded. And for this reason we

are of the opinion that instruction number 5 requested by the defendants should have been given.

Upon the trial of the case the court permitted a witness to testify to statements made by Berg some time after the injury that he directed plaintiff to watch and guard the fire when he left it. This statement was made in the absence of his co-defendants, and therefore was not competent evidence as against them. But testimony as to statements of Berg made at the time of the injury, and which were a part of the *res gestae,* was perfectly competent against all the defendants.

There was testimony adduced on the part of plaintiff tending to prove that Berg, when he left the place of the fire, requested or directed plaintiff to watch and guard it, which she did; and that while so guarding the fire her clothes were ignited. Under such circumstances it then became a question of fact for the jury to determine, after taking into consideration her age, intelligence and capacity, as to whether or not she was guilty of contributory negligence. If she was not guilty of contributory negligence, then defendants were liable if Berg directed her to watch and guard the fire without giving her proper warning of the danger therefrom, and she was injured thereby.

For the above errors the judgment is reversed, and the cause remanded for a new trial.