Eberhardt v. Telephone Co.

No. 18,663.

PEARL EBERHARDT, *Appellant*, V. THE GLASGOW MU-
TUAL TELEPHONE ASSOCIATION, *Appellee*.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Runaway Team—Telephone Guy Wire—
Not the "Proximate Cause."* A mutual telephone company
placed in the highway, practically upon the north line, a tele-
phone pole to which was attached a guy wire which extended
diagonally into the highway, and four feet and four inches
from such pole was attached to a brace driven into the
ground. The highway was forty-four feet wide and the trav-
eled portion was thirty feet wide. The space north of the
traveled portion, in which the wire was anchored, was some
six inches higher and was not smoothed, but was covered with
grass and weeds. The plaintiff was riding in a wagon with
her husband, who was driving a span of mules which had
tried to run away at previous times. Meeting an automobile
some twenty rods east of the pole and wire, the mules took
fright and ran, veering to the right of the traveled way, and
ran the wagon against the pole or wire—probably the latter—
throwing the plaintiff out and injuring her. It is held that
the telephone company was not negligent in locating the pole
where it was, and whether negligent or not in respect to the
wire, it was not liable, for the reason that the wire was not
the proximate cause of the injury or one which might reason-
ably be expected to cause such injury.

Appeal from Cloud district court; JOHN C. HOGIN,
judge. Opinion filed March 7, 1914. Affirmed.

*C. S. Ritter*, of Iola, *F. W. Sturges*, and *Fred W.
Sturges, jr.*, both of Concordia, for the appellant.

*Peirce E. Butler*, of Glasco, *Park B. Pulsifer*, and
*Charles L. Hunt*, both of Concordia, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for damages received
by being thrown from a wagon in a runaway. Her
husband was driving a span of mules on a public high-

way when an automobile passed them on the south, frightening the mules, and they leaving the traveled roadway veered to the right and ran the wagon across a pole or guy wire belonging to the defendant, throwing the plaintiff out and injuring her. The pole was about on the north line of the highway and formed a part of the fence and the guy wire extended from the pole about four feet southeast where it was attached to a rod anchored in the ground. The road from fence to fence is forty-four feet wide, the traveled portion being about thirty feet wide and on each side, between the driveway and the fence is an embankment not used for travel. This embankment where the injury occurred is only about six inches higher than the roadway. It was not graded or smoothed, but was covered with grass and weeds. The husband testified that the team ran about one hundred feet and swung to the right and hit the guy wire with the front wheel of the wagon; that it was four feet and four inches to the pole from where the guy wire entered the ground; that he could have held the team had it not been for this obstruction, and would have had them under control in a little while. There was testimony that the team had tried to run away before; also that they ran about twenty rods before the accident occurred. It is claimed that the defendant was negligent in locating and maintaining the pole and wire at the place and in the manner indicated, and that they constituted a nuisance and were the proximate cause of the injury. The court sustained a demurrer to the plaintiff's evidence and, a new trial having been refused, the plaintiff appeals. The defendant denies that the pole and wire were negligently placed, and that they were the proximate cause of the injury.

We find no authority for holding that the location of the pole practically on the boundary line of the highway could be deemed negligence on the part of the defendant. Whether the guy wire was so placed and anchored as to constitute negligence is a question on

both sides of which much could be said, but one we do not deem necessary to decide. Unless the guy wire was the proximate cause of the injury there can be no liability, whether its location were negligent or otherwise. The question of proximate cause is one frequently so near the border line as to cause much perplexity, but, generally speaking, it may be said in this state that the proximate is the producing cause; not the one supplying the condition, but the one producing the injury. The one supplying the condition may be so intrinsically careless as to amount practically to a continuing invitation, so to speak, for a direct cause to join in producing a disastrous result. But to be such it must present a condition of danger so manifest that the one responsible must be held to have been negligent in furnishing the means for a probable injury. But a condition which could not reasonably be expected to endanger, and which but for some independent cause without which the injury would not have occurred would not have endangered, does not ordinarily amount to a proximate cause. It is entirely plain that had the mules not become frightened and had they not also got beyond the driver's control, the wire would have had no possible connection with the most regrettable injury. The party placing the wire four feet and four inches from the pole in the grassy embankment north of the traveled portion of the road can not be held to have foreseen that a team might become frightened twenty rods east thereof and run upon the embankment. Had the automobile not passed, had it not scared the team, had they not pulled out of the road in spite of the driver's efforts to keep them in it—no harm would have come from the wire, and to hold the company placing it there liable would be to charge it with the duty to foresee all these most uncommon and unlooked for conditions.

While the plaintiff cites decisions from other states which support or tend to support her position, attention

is also called to *Street Rly. Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012, and *Mosier v. Butler County,* 82 Kan. 708, 109 Pac. 162. In the Stone case the horse took fright at an object for which the city was not responsible and got beyond the control of the driver, and came in contact with an obstruction in the street which the city had been negligent in not removing or repairing, and the city was held liable. There the obstruction was in the opened and traveled portion of the street, and a duty rested upon the city to keep it in a reasonably safe condition for travel. It is clear that the defect or obstruction was such as likely to cause damage. Hence the facts are by no means like those involved here. In the Mosier case it was said (p. 709) that the frightening of the horse and the defect in the guard rail were related in their operation, and the injury would not have resulted if the guard rail had not been defective. From the facts there shown the absence of a sufficient guard rail provided a constant condition, if not a source, of danger liable and likely to happen at any time.

The appellee cites many decisions, but we will notice only those which seem most directly in point. In *Railway Co. v. Bailey,* 66 Kan. 115, 71 Pac. 246, a horse, becoming frightened at a mass of escaping steam, ran upon a pile of sewer pipe, overturning the buggy and injuring the plaintiff. In the opinion it was said:

"The proximate cause of the injury, that without which it would not have occurred, was the frightening of the horse. This stood first in the line of causation." (p. 122.)

In *Stephenson v. Corder,* 71 Kan. 475, 80 Pac. 938, the defendant's team standing, one of them hitched, at a hitching rail became frightened by a boy, who in exercising on the hitch rail struck one of the horses on the nose with his foot, causing them to rear back and break loose. They collided with a buggy, injuring the plaintiff, who sued the owner of the team alleging that he left them standing insecurely hitched. A judg-

ment in her favor was reversed on the ground that the act of the boy frightening the team was the proximate cause, and that the defect in the halter, if any, was only a distinct cause unrelated in operation to the producing cause. The definition of proximate cause there approved (p. 479) was such negligence as under the circumstances ordinary prudence would have admonished the person sought to be charged that his act or omission would probably result in injury to some one, the general test being whether the negligence is such that a person of ordinary intelligence should have foreseen that an accident was likely to be produced thereby. In *Gas Co. v. Dabney,* 79 Kan. 820, 101 Pac. 488, it was held that the acts of the defendants did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, and hence they were not liable. It was expressly held that when the facts are undisputed and the court can see that the resulting injury was not probable but remote, it is its duty to determine the question and not send it to a jury. In *Colwell v. Parker,* 81 Kan. 295, 105 Pac. 524, the operator of a moving picture show and the manufacturer and lessor of the steps leading to the entrance were sued for damages caused by falling from the steps for the alleged reason that they were not provided with railings or guards. It was held that the manufacturer and lessor, even if negligent in the manner of construction, was not liable, such negligence being remote and unrelated in its operation to the direct proximate cause, and doing nothing more than to furnish the condition or give rise to the occasion by which the injury was made possible. The law concerning proximate cause was exhaustively considered in *Rodgers v. Railway Co.,* 75 Kan. 222, 88 Pac. 885, and the rule already indicated finds abundant support in that decision.

We are compelled to hold, therefore, that the demurrer to the plaintiff's evidence was properly sustained, and such ruling is affirmed.