No. 23,799.

F. H. GOODAILE, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COWLEY et al. (LAWRENCE L. WILSON et al., *Appellees*).

SYLLABUS BY THE COURT.

NEGLIGENCE—*High Hedge Fences—Horse Frightened on Meeting Auto—Buggy Overturned—Personal Injuries—Owner of Land Not Liable in Damages.* The owners of land permitted high hedges to grow along public roads which crossed at the corner of their property; the hedges obstructed the view of one road from the other; a woman driving a horse and buggy along the road approached the crossing; the horse became frightened at an automobile which suddenly appeared at the crossing of the roads; the woman was thrown out and injured. *Held,* that the owners of the land are not liable in damages for the injuries sustained by her.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed June 10, 1922. Affirmed.

*J. E. Torrance,* and *O. W. Torrance,* both of Winfield, for the appellant.

*Ross McCormick,* of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment sustaining a demurrer of the defendants to the petition. The action was dismissed as to the board of county commissioners.

The petition alleged that Lawrence L. Wilson, Grace E. Wilson, Ira B. Mueller, Max G. Wilson, and Dona F. Wilson were the owners and in possession of certain real property in Cowley county; that on the south and east sides of the land were high dense hedge fences; that public highways ran along the south and on the east sides of the land and crossed at the southeast corner; that the hedges obstructed the view of one road by those traveling on the other; that there was no orchard, vineyard, or feed lot at or near the southeast corner of the land; that the plaintiff was driving a horse and buggy east along the south side of the land; that when she reached the corner, an automobile coming from the north turned the corner and appeared directly in front of her horse; and that the horse became frightened and overturned the buggy, threw her out and injured her. She asked $5,000 damages for the injuries sustained by her.

The plaintiff argues that section 4825 of the General Statutes of 1915, chapter 288 of the Laws of 1915, and chapter 253 of the Laws of 1919 make these hedges a nuisance and make it the duty of the defendants to cut them, and argues that upon their failure so to do, they are liable for any damage caused thereby.

Section 4825 of the General Statutes of 1915 reads:

"That owners of real estate in any county in the state of Kansas shall keep all hedge fences along the public highway cut and trimmed down to not over five feet high, except trees not less than sixteen feet apart and hedges necessary as a protection to orchards, vineyards, and feed lots; said feed lots not to extend more than forty rods. All brush cut from said hedges shall be cleaned up and removed or burned."

Chapter 288 of the Laws of 1915 reads:

"Under rules and regulations to be prescribed by them the board of county commissioners of each county in the state are authorized to cut all hedge fences within fifty yards of a railroad grade crossing, or abrupt corner in the road; and thereafter keep the same trimmed to a height not to exceed four feet. Except when used as protection to an orchard, vineyard, or feed lot, and cut all weeds in the public roads within fifty yards of any such railroad grade crossing, or public road crossing, or abrupt turn in the road, and thereafter keep the same cut so same shall not at any time be allowed to grow to a height exceeding three feet. And remove all bill boards, sign boards, and board

fences exceeding four feet in height within fifty yards of any such railroad grade crossing or public road crossing: *Provided,* That where any board fence is removed another shall be constructed not to exceed four feet in height, in the place of the one removed, at the expense of the county: *Provided further,* That nothing in this act shall apply to signs placed by any state or county association for the purpose of imparting historical information or traveling directions. All expenses of the trimming of the said hedge fences, the cutting of weeds, and removal of fences and bill boards shall be paid from the general fund of the county."

Chapter 253 of the Laws of 1919, as amended by chapter 51 of the Laws of 1920, reads:

"That in any county where the provisions of this act shall be adopted any owner or owners of real estate after having been given thirty days' notice in writing either in person or to his or her duly authorized agent, shall be required to cut or cause to be cut all hedge fences situated on the land belonging to said person or persons which is located along the public highway, and shall cut or cause to be cut, weeds growing upon the public highway running by said land, and upon failure of said owner or owners to comply with these provisions, said owner or owners shall be guilty of a misdemeanor and shall be subject to a fine of not less than $25.00 nor more than $100.00: *Provided further,* That the road overseer of the district in which said land is located shall, upon the failure of said owner or owners to comply with the provisions of this act, cut or cause to be cut said hedge fences as provided herein; and cut or cause to be cut said weeds upon the highway as provided herein and the said road overseer shall in writing report to the county clerk of said county the cost of the cutting of said hedge or said weeds, and thereupon the county clerk shall enter these costs on the tax rolls against the said real estate and the same shall be collected as other taxes, and shall be paid over to the treasurer of the township in which said land is located."

This law took effect January 29, 1920. The plaintiff was injured July 9, 1920.

Section 4825 of the General Statutes of 1915 and chapter 253 of the Laws of 1919 as amended by chapter 51 of the Laws of 1920 make it the duty of the defendants to trim the hedges along their property and provide a penalty for their failure so to do, but these statutes do not in terms declare the hedges nuisances nor say that the defendants shall be liable in damages for their failure to trim the hedges. Buildings, woodland, or tall crops would have obstructed the vision from one road to the other the same as the hedges, but it cannot be contended that such obstructions would render the owners of the land liable for accidents occurring at the crossing of the highways.

In *Railroad Co. v. Justice*, 80 Kan. 10, 191 Pac. 469, this court said:

" 'The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.' "   (p. 20.)

Even if it be admitted that the high hedges were in part the cause of the accident which resulted in the plaintiff's injury, it cannot be said that they were the efficient intervening cause of the accident. The horse was frightened by an automobile.   That was what caused the accident.   In *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416, it was held that a telephone guy wire extending into the public highway was not the cause of an injury to one who was riding in a wagon with her husband who was driving a span of mules that ran away and ran into the wire and thereby injured the plaintiff in that action.   The latter case is closely parallel to the present one.   The proximate cause of the injury to the plaintiff in this action was the frightening of her horse and not the condition of the hedges.   (*Railway Co. v. Bailey*, 66 Kan. 115, 122, 71 Pac. 246; *Norris v. Ross Township*, 98 Kan. 394, 161 Pac. 582.)   The petition did not state a cause of action against the owners of the land.

The judgment is affirmed.