WEST *v.* WALL.

4-4059

Opinion delivered December 2, 1935.

*John C. Sheffield,* for appellant.

*A. M. Coates,* for appellee.

BAKER, J. J. T. Wall sued West-Hornor Motor Company, composed of M. E. West and E. T. Hornor,

and also Rose-Jacobs Machine Works, a partnership composed of C. E. Jacobs and Robert Rose, alleging that on or about July 1, 1934, while driving upon the highway, south of Helena, as he approached and was ready to drive upon a narrow bridge, he observed another car approaching the same bridge from the direction opposite to that he was pursuing. He stopped until the approaching car had passed over the bridge, and then proceeded upon his journey. A short time prior to the accident, and at a point a short distance south of the bridge, Wall had passed Rose upon the road, going north toward Helena, the same direction Wall was traveling. Rose was driving a truck at a speed of forty miles or more, according to the undisputed testimony. Before Wall had left the bridge at which he had stopped, and had gained sufficient speed to be out of danger from the approaching truck driven by Rose, Rose ran the truck into the rear of Wall's car, causing considerable injury to the car and also injuring Wall. At the place of the accident Rose could have driven from the road into a field as there was at that place no ditch or other obstruction to prevent him from so doing. Rose and Jacobs were operating a machine shop, and desired to purchase a truck for use in their business.

On Saturday afternoon prior to this accident above stated, Jacobs procured this truck from the West-Hornor Motor Company in order that he might try it out to determine whether it would be suitable for the business of the Rose-Jacobs Machine Works. The brakes upon the truck were in very bad condition. In fact perhaps wholly inadequate. Jacobs knew of this fact, but he drove the truck away from the West-Hornor Motor Company's place of business on the afternoon prior to the accident.

It is undisputed also that Jacobs advised Rose on the next morning of the bad condition of the brakes, and Rose, with full knowledge of this condition, on that Sunday morning, took the truck to drive six or eight miles south to get a cable, and take it to their shop. He had gone to the place where the cable was located, loaded it into the truck, and was returning to the shop at the time the accident occurred. He had a friend riding with him

in the truck, whose testimony is to the effect that at the time of the accident the truck was running between 40 and 45 miles an hour. This witness was wholly disinterested, had no connection with any of the parties, except that he was the guest rider of Rose. Rose and Jacobs made no defense to the suit. Upon the final trial, judgment was rendered against all of the defendants for $1,000. The appeal to this court by West and Hornor, operating as West-Hornor Motor Company, is to test the correctness of the judgment as against them.

There is no dispute that Rose was traveling at a high rate of speed, nor is there any question about the extent of the injuries, nor the amount recovered therefor. The case went to trial upon the appellee's testimony. Appellants asked the court to direct a verdict in their favor.

Do the facts above stated legally justify the rendition of the verdict and judgment against the appellants West and Hornor? We think that the appellants who were dealers in automobiles knew or ought to have known the actual condition of the truck at the time it was delivered over to Jacobs, who tried to test it before buying it; that these appellants knew, or ought to have known, that the truck would be used upon the streets or highways in making this test, and that they may be charged with knowledge of the danger of operating a truck or motor vehicle without brakes in sufficiently good condition to enable the operator to control it.

Whatever the negligence imputed to the appellants from facts stated here, it must be treated as admitted or confessed.

We think, however, that the above facts under the circumstances in this case do not warrant the rendition of the verdict and consequent judgment. These appellants, defendants below, were entitled to have the court direct a verdict in their favor.

The appellee attempts to evade the fact that the truck was driven by Rose, who was in no way connected with the appellant company, by arguing that Rose was demonstrating the truck to himself to determine whether he would buy it. At least, it must be said that the appel-

lants were not demonstrating the truck. The most favorable statement that could be made for the appellee was that Rose was testing the truck to determine whether he and Jacobs would become purchasers of it. Moreover, he was doing more than making a mere test. He had put it to use and was operating it upon a business trip made for his company. He was one of the partners of the Rose & Jacobs Machine Company. He was using the truck to haul the cable to the shop. His work at that time was wholly independent of the West-Hornor Motor Company.

It must also be admitted that Rose was driving at a very high rate of speed, when it is considered that the truck was without brakes. It may also be urged with equal propriety that since the proof shows that Rose could have left the road and have driven the truck into a field by the side of the road, without trouble or danger of doing injury to himself or any of the other parties, and thereby have prevented the collision or accident, he may be said to have been rather grossly negligent. He was competent to appreciate the danger as he was a machinist. The proximate cause of the injury was negligence of Rose upon the business errand for the partnership of which Rose was a member.

As was said by this court in the case of *Pittsburg Reduction Company* v. *Horton,* 87 Ark. 576, 579, 113 S. W. 647: "It is a well-settled general rule that if, subsequent to the original negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the original negligence is too remote. The difficulty arises in each case in applying the principle to a given state of facts."

We think in the proposition before us there can be no difference of opinion upon the matter that Rose's negligence was in itself sufficient to cause the injuries suffered, and necessarily was the proximate cause of them. *Gage* v. *Harvey,* 66 Ark. 68, 48 S. W. 898; *Arkansas Valley Trust Co.* v. *McIlroy,* 97 Ark. 160, 133 S. W. 816.

Therefore whatever may have been the negligence of the appellants, that negligence was too remote and cannot be treated here as a concurring cause. Rose and

Jacobs were both machinists, both experts, both knew of the condition of the truck. Neither was connected in any particular with the West-Hornor Motor Company. They were not demonstrating for that company. They were testing the truck for themselves, looking after their own business interests for their own profit.

Many authorities could be cited supporting our conclusions above set out. *Bizzell* v. *Hamiter,* 168 Ark. 476, 270 S. W. 602; *Healey* v. *Cockrill,* 133 Ark. 327, 202 S. W. 229; *Keller* v. *White,* 173 Ark. 885, 293 S. W. 1017.

We must conclude that the court erred in not directing a verdict for the appellants. The judgment against them is therefore reversed, and the cause as to the appellants is dismissed.